IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER MILHOUSE<br>136 Ramapo Trail<br>Allentown, PA 18104<br><br>　　　　　　Plaintiff,<br>v.<br><br>MACK TRUCKS, INC.<br>7000 Alburtis Road<br>Macungie, PA 18062<br><br>　　　　　　Defendant. | :<br>:<br>:　CIVIL ACTION<br>:<br>:　DOCKET NO.:<br>:<br>:<br>:<br>:　**JURY TRIAL DEMANDED**<br>:<br>:<br>: |

## **CIVIL ACTION COMPLAINT**

Heather Milhouse (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### **INTRODUCTION**

1. This action has been initiated by Plaintiff against Mack Trucks, Inc. (*hereinafter* referred to as "Defendant") for violations of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 *et seq.*). Plaintiff asserts, *inter alia*, that she was unlawfully terminated from her employment by Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### **JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of this District.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Mack Trucks, Inc. ("Defendant") is business entity engaging in the nationwide manufacture and distribution of heavy-duty trucks, parts, and equipment.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a 50-year-old female.

11. Plaintiff was hired by Defendant and began working for Defendant in or about mid-September of 2004. In total, Plaintiff was employed with Defendant for approximately 15 years prior to her termination from employment, explained *infra.*

12. Plaintiff was employed by Defendant as a Material Technician throughout her lengthy tenure. And Plaintiff worked for Defendant in Macungie, Pennsylvania (Lehigh County).

13. Plaintiff generally performed her job in an exemplary manner. But for the last several years of her employment, she was required to provide medical care for her father.

14. Plaintiff's father is a 75-year-old man in very poor health. In particular, he has suffered from multiple strokes, causing serious complications. This is in addition to blood-pressure concerns, vision problems, Diabetes, and a host of other permanent health complications.

15. Plaintiff originally applied for federally-protected leave (under the FMLA) on an intermittent basis for her father in or about 2017. Plaintiff in fact missed time as needed to care for her father during the 2017-approved FMLA certification period.

16. Following her 2017-approved FMLA certification period, Plaintiff attempted to apply for FMLA again through 2018. But Defendant's management continually attempted to dissuade Plaintiff from further utilization of FMLA by repeatedly claiming there was a deficiency, flaw, or discrepancy with her FMLA submissions through 2018. In between submitting FMLA documentation, Plaintiff would often wait **many** months for any response or directives from Defendant through 2018.

17. It was not until March of 2019 that Plaintiff was finally approved again for FMLA leave on an intermittent basis after tremendous obstacles placed in her FMLA-approval path. Plaintiff had submitted FMLA and/or medical paperwork many times trying to be recertified (each time with Defendant delaying inordinately as aforesaid).

18. The FMLA certification that was ultimately accepted by Defendant was prepared by the physician for Plaintiff's father on or about March 19, 2019. In this FMLA certification, the physician outlined:

(A) Plaintiff "will need to provide care" for her father;

(B) Plaintiff's father has a "lifelong condition" due to "stroke" and "stroke history;"

(C) Plaintiff's father has had serious medical conditions requiring Plaintiff's continual care of him since "5/22/17;"

(D) Plaintiff will use up to "8 hours day 1 x week," and needs to take "for appts between 7AM-3PM;"

(E) ***Plaintiff will need "1 hour everyday in the AM to give meds plus 1-day week for 8 hours, as needed for appts"*** (Emphasis added); and

(F) Plaintiff's father "cannot drive or care for himself," and "needs medical help, needs help in all aspects of life."

19. In going through the FMLA approval process, Plaintiff primarily dealt with or received correspondence from:

(1) Gregory Olshefski, her most recent manager of several months assuming the role her prior manager (James Zickafoose);

(2) Annette McAllister, a Human Resources Business Partner; and

(3) Michael Haugh, a Business Team Leader for Defendant.

20. Plaintiff was terminated by Defendant on April 30, 2019 by her manager, Olshefski, and McAllister, HR Business Partner.

21. Plaintiff was terminated on April 30, 2019 in writing, and the written termination documentation stated:

> Regular and predictable attendance is an essential element of your position and the employer-employee relationship. Regretfully, you have demonstrated that your attendance cannot be relied on. Consequently, you are hereby terminated from employment at Mack Trucks, Inc. effective 4/30/19.

22. Plaintiff's termination from employment was ***solely for*** FMLA-related and FMLA-qualifying lateness and/or absenteeism.

23. Plaintiff's termination from employment provided a list of "Tardy" dates counted against her for purposes of termination, wherein each time the records reflected she was 1-minute to 15 minutes late to work.

24. But Plaintiff had *informed her management* repeatedly that *the only time she is late is because she is giving insulin to her father, getting him setup medically, preparing him for the day, and when he exhibits some medical or physical complications that required her care*. Plaintiff was never late for any reason other than caring for her father.

25. Plaintiff was specifically allotted by her father's physician and in an approved FMLA certification up to 1 hour per day in the AM to care for her father, but she was repeatedly disciplined and ultimately terminated *for using the exact FMLA leave needs she submitted and understood were supposed to be approved*.

26. It is *common knowledge* on the part of human resources and FMLA administration that employees are lawfully permitted to use FMLA intermittent leave to come to work late, for partial days, for medical breaks, or to leave early.[1] Thus, Defendant **repeatedly** acted in bad faith, intentionally, and without regard to Plaintiff's federally-protected rights – clearly warranting liquidated damages for such malicious conduct.

---

[1] *See* 29 CFR § 825.205(a)(an employee is permitted to use increments of FMLA anytime during a workday, and the employer must only count the use of such time in the smallest payroll increments used by the employee permissible); *see also Murphy v. Brown*, 2010 U.S. Dist. LEXIS 29641 * 22 (N.D. Ill. 2010)("[I]t is clear that the FMLA covers absences of short duration that occur with little or no notice," including "tardies"); *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858 (8th Cir. 2006)(affirming jury verdict that employee was terminated in retaliation for exercising FMLA rights, including using intermittent FMLA leave to arrive 15 or 30 minutes late to work); *Barrasso v. Children's Hosp. of Pittsburgh of UPMC*, 2019 U.S. Dist. LEXIS 12917 * 33 (W.D. Pa. 2019)(an employee is clearly permitted to use FMLA intermittent leave to show up later in a scheduled work shift); *See e.g. Mora v. Chem-Tronics, Inc.*, 16 F.Supp.2d 1192 (S.D. Cal. 1998)(Employees may take leave *in any size increments*, including to be "tardy," and employers may only account for the leave in the shortest period of time the payroll system uses to calculate absences); *See also Sabbrese v. Lowe's Home Centers, Inc.*, 320 F.Supp.2d 311 (W.D.Pa.2004)(explaining that an employer is prohibited from counting medically necessary breaks against an employee under the FMLA, as this also constitutes a form of intermittent leave; *See also Collins v. U.S. Playing Card Co.*, 466 F.Supp.2d 954 (S.D. Ohio 2006)(same).

## COUNT I
## Violations of the Family and Medical Leave Act ("FMLA")
(Retaliation & Interference)

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

29. Plaintiff requested leave for medical reasons (to care for her father) from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

30. Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.

31. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

32. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block, reduced-schedule *or intermittent basis.*

33. Defendant committed interference and retaliation violations of the FMLA by: (1) failing to properly designate or timely approve Plaintiff's FMLA qualifying time off from 2018-2019; (2) repeatedly creating obstacles and undue delays to dissuade Plaintiff from FMLA usage or entitlement; (3) intimidating Plaintiff under threat of discipline or termination for FMLA-qualifying absenteeism; (4) disciplining and terminating Plaintiff for use of FMLA-qualifying absenteeism; and (5) for not following other regulations of notices, approvals, designations, and documentation as required by FMLA regulations.

34. These actions as aforesaid constitute both interference and retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 15, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Heather Milhouse | : | CIVIL ACTION |
| v. | : | |
| Mack Trucks, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 10/15/2019 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 136 Ramapo Trail, Allentown, PA 18104

Address of Defendant: 7000 Alburtis Road, Macungie, PA 18062

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/15/2019  _____(signature)_____  ARK2484 / 91538
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf , counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 10/15/2019  _____(signature)_____  ARK2484 / 91538
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MILHOUSE, HEATHER

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
MACK TRUCKS, INC.

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA (29USC2601)
Brief description of cause:
Violations of the FMLA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/15/2019
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

[Print]  [Save As...]                                                              [Reset]